# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DARLY CHARLES ELLIOTT,

     Petitioner,

v.                                        Civil Action No. 3:09cv068

COMMONWEALTH OF VIRGINIA,

     Respondent.

## MEMORANDUM OPINION

Petitioner Darly Charles Elliott,[1] a Virginia state inmate proceeding *pro se*, brings this

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Elliott challenges his

conviction for possession with intent to distribute heroin. (Pet. 1.) Elliott's sole claim asserts

insufficient evidence as a matter of law to sustain a conviction. (Pet. 6.) Respondent filed a

Motion to Dismiss (Docket No. 7) and Rule 5 Answer (Docket No. 8), Brief in Support of Rule 5

Answer and Motion to Dismiss (Docket No. 9), and appropriate *Roseboro*[3] notice (Docket

---

[1] Petitioner signs his name Daryl Charles Elliott, and is referred to in some documentation
by this name.

[2] 28 U.S.C. § 2254(a) states in relevant part:

    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
    entertain an application for a writ of habeas corpus in behalf of a person in
    custody pursuant to the judgment of a State court only on the ground that he is in
    custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

1

No. 10). Elliott responded.[4] (Docket No. 13.) The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

Following a bench trial, Elliott was convicted in the Circuit Court of Portsmouth of possession with intent to distribute heroin. On August 16, 2006, the Circuit Court sentenced Elliott to ten years' imprisonment, with three years suspended. (Aug. 16, 2006 Tr. 8:15-19.) Elliott appealed his conviction, arguing that the evidence could not support a conviction because the Commonwealth had failed to establish several necessary elements of the offense. (Va. Ct. App. Pet. 9-11.) On February 28, 2007, the Court of Appeals of Virginia denied Elliott's appeal, finding that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of heroin with the intent to distribute." (Va. Ct. App. Op. 2.) Elliott appealed that decision to the Supreme Court of Virginia. On July 9, 2007, the Supreme Court of Virginia refused his petition for appeal.

On July 24, 2007, Elliott filed a state habeas petition in the Supreme Court of Virginia claiming improper subject matter jurisdiction and ineffective assistance of counsel. (Va. Sup. Ct. Pet. 3-4.) On January 7, 2008, the Supreme Court denied Elliott's petition. On January 28, 2009, Elliott filed the instant federal habeas corpus petition.[5]

---

[4] Although Elliott refers to this pleading as "Brief in Opposition Demurrer," the Court will treat it as Petitioner's Reply Brief to the Respondent's Motion to Dismiss.

[5] The Court considers a prisoner's habeas petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Elliott placed his Petition in the prison mailing system on January 28, 2009. (Pet. 15.)

2

## II. Standard of Review

Under 28 U.S.C. § 2254, habeas relief may be granted only if the state court proceeding resulted in a decision contrary to, or involving an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or if the state court based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court shall presume correct the state court's determination of factual issues, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Exhaustion of State Remedies

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)); *see also* 28 U.S.C. § 2254(b)(1)(A) (barring habeas corpus relief unless it appears

that "the applicant has exhausted the remedies available in the courts of the State"). Respondent does not dispute that Elliott has exhausted his claim because he presented a sufficiency of the evidence argument to the Supreme Court of Virginia in his direct appeal.[6] (Respt.'s Br. Supp. Rule 5 Answer and Mot. to Dismiss ¶ 7.)

### B.     Sufficiency of the Evidence

In evaluating a claim of insufficient evidence, the Court must view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court must defer to the findings of fact by the state courts, and this presumption of correctness applies to facts found by both appellate and trial courts. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). The Court need not determine whether the trial court established guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19. Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

To establish possession with the intent to distribute heroin, the Commonwealth must prove two elements: first, "that the accused was aware of the presence and character of the drug and that the accused consciously possessed it," *Walton v. Commonwealth*, 497 S.E.2d 869, 871

---

[6] Although Elliott presented a sufficiency of the evidence claim to the Supreme Court of Virginia in his direct appeal, he raises a new justification for this argument in this federal Petition. Elliott claims that Russell Morris, whom Elliott characterizes as a "key witness," stated in an affidavit that he had not had any contact with Elliott on the day Elliott was alleged to have sold him drugs. (Pet. 6, Pet'r's Reply Br. ¶ 6.) The record contains no such affidavit and a review of the record indicates that Morris was not a witness in this case. Furthermore, because Elliott did not present this argument to the state courts in his direct appeal or state habeas petition, it will not be considered by this Court.

(Va. 1998); and, second, that the accused intended to distribute the illegal drugs. *See Williams v. Commonwealth*, 677 S.E.2d 280, 282 (Va. 2009).

In this case, the Commonwealth offered sufficient evidence for a rational trier of fact to find Elliott guilty of possession with intent to distribute heroin. Elliott claims that the evidence presented by the Commonwealth insufficiently linked him to the alleged drug transaction. (Pet. 6.) However, the Court of Appeals of Virginia summarized the evidence as follows:

> [O]n February 17, 2006, Officer C.B. Honeycutt was conducting surveillance in a drug spotting operation. Through binoculars, he observed a vehicle park directly in front of a house. [Elliott] approached the vehicle, and the car's driver handed [Elliott] what appeared to the officer to be currency. [Elliott] went inside the house and returned moments later. He dropped several capsules into the driver's hand, and the vehicle then left the scene.
>
> Officer A. Mannings stopped the car a short time later. The driver, Russell Morris, carried five empty capsules containing heroin residue on his person.
>
> [Elliott] argues the Commonwealth failed to establish he possessed the capsules Morris carried.
> . . .
> Honeycutt observed [Elliott] engage in an apparent hand-to-hand drug transaction with Morris. A short time later, the police stopped Morris and recovered capsules on his person. The court reasonably inferred the capsules Morris carried were the same ones Honeycutt saw [Elliott] give to Morris. Although [Elliott] suggests Morris did not have time to consume the drugs between the time he received them from [Elliott] and the time he was stopped by the police, the record indicates at least several minutes elapsed and other people were present in the vehicle.

*Elliott v. Commonwealth*, No. 2202-06-1 at 1-2 (Feb. 28, 2007). Therefore, despite Elliott's assertion that "it is vertually [sic] impossible for the driver of the vehicle to have consumed that amount of heroin in the period of time stated in the record" (Petr.'s Reply Br. ¶ 6), the record contains testimony sufficient for the trier of fact to infer that the capsules found were the same capsules sold by Elliott during the hand-to-hand transaction. (*See* June 20, 2006 Tr. 20:19-21:5

5

(noting that two or three minutes elapsed between the officer's observation and the stop of the vehicle); June 20, 2006 Tr. 23:21-24 (noting that other people were in the vehicle).)

A review of the record in the light most favorable to the Commonwealth establishes that a rational factfinder could have found that the drugs recovered on Morris's person were the same drugs the officer saw Elliott give Morris minutes earlier. Therefore, the Court finds that the evidence presented at trial sufficiently supported Elliott's conviction for possession with intent to distribute heroin. Elliott does not merit habeas relief.

### IV. Conclusion

For the foregoing reasons, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 7.) Accordingly, the Court will DISMISS Elliott's Petition. (Docket No. 1.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12-30-09